## John D. Towle vs. Horace Pierce.

When a bill in equity, brought by one of four partners, against one only of the other three, for an account, &c. alleges that the other two are not within the jurisdiction of the court; that all the others have received their full share of the partnership effects; and that the defendant has received much more than his share, and the plaintiff much less; a demurrer to the bill for nonjoinder of the other partners as defendants will not be sustained.

A bill in equity, brought by a partner against his copartner, for an account, &c. wherein it is averred that the defendant has all the partnership books and papers in his possession, or under his control, and refuses to permit the plaintiff to ex amine them, need not contain such certainty and particularity of statement, as would be held necessary if the plaintiff had access to those books and papers.

BILL IN EQUITY. The plaintiff alleged that heretofore he was a partner of Horace Pierce, the defendant, Arnold Nelson and Simon S. McDonald, as contractors, under the firm of Nelson, Pierce & Co., in Albany; that they, as such partners, entered into a contract to perform certain work for the Albany and West Stockbridge Rail Road Company, (or by whatever name said company may be known,) on the rail road from Albany to West Stockbridge; that said partners began their said work in the year 1840, and finished it in the following year; that the amount of money, agreed to be paid for said work by said company, was $45,000 ; that said company did not pay that amount, and that a suit was instituted against them by said partners, which terminated in 1842, and thereupon a large sum of money, was paid by the company, a portion whereof came into the hands of said Pierce.

The plaintiff further alleged, in his bill, that the work aforesaid was done at a loss by said partners; that the other partners had received their portion of the money due to them on a settlement with said rail road company; but that the plaintiff had not received a portion equal to his share of the amount received by said partnership; that the defendant had received a portion much exceeding his share as one of the partners; that the plaintiff had often requested the defendant to come to a settlement, and pay to him his share of the money received from said company, but that the defendant had failed to make such settlement; that all the books and papers,

necessary to a final settlement of the affairs of said partner-ship, were in the hands and possession of the defendant, or within his reach, and that he had access to them ; but that the plaintiff, although he had requested that he might exam-me said books and papers, had not been permitted so to do.

The plaintiff further alleged, that more than $800 were due to him from said partnership, and that all the other partners had received their full shares, and that the defendant had received, beyond his portion, a sum sufficient to satisfy the plaintiff's claims ; which sum the defendant received under a trust to pay and account for the same to the plaintiff ; but that the defendant, in fraud of said trust, had refused to account to the plaintiff for the same ; that at or about the time when said partnership was dissolved, the defendant had, or received into his possession, certain articles of the partnership property, consisting of cars, derricks, and tools suitable to the business of said partnership, and other articles, the particulars of which were unknown to the plaintiff, of the value of nearly $1000, and had appropriated said articles, or the proceeds arising therefrom, to his own use ; that all the debts due from said partnership had been paid ; and that the aforesaid sums, received by the defendant, had not been applied in payment of said debts.

The plaintiff furthermore averred, that the other members of said partnership were "beyond the reach of the jurisdic-tion of the court."

The prayer of the bill was, that the defendant might, on oath, make a full answer, and state all sums received and paid by him as partner, and also produce the vouchers for every item by him so paid ; and that he might be decreed to pay to the plaintiff such sum as should be found due on a final set-tlement of the accounts of said partnership.

The defendant filed a demurrer to the bill.

*English*, in support of the demurrer. The two other partners should be joined as defendants. The bill does not allege that the partners were such only in the single transac-tion in question, nor that the partnership is dissolved ; nor

Towle *v.* Pierce.

does it set forth the proportional interest of the several partners.

The bill seeks for a partnership account, and for payment of an unascertained portion of a partnership fund. A single partner cannot render such an account.

The plaintiff will rely on an exception to the rule that requires all the partners to be joined; viz. when they are out of the jurisdiction. There is this qualification to that exception, namely, "when they are not indispensable to the just ascertainment of the merits of the case before the court." Story Eq. Pl. § 81. If complete justice between the parties before the court cannot be done, without others being made parties, whose rights or interests may be prejudiced by a decree, the court will not proceed, though such other parties cannot be brought before it. Story Eq. Pl. §§ 77, 82.

All that the plaintiff is entitled to is the surplus of the partnership funds; and all the partners are necessary to the ascertainment of that surplus. The plaintiff's proportion depends on the rights and claims of the other partners. See Gow on Part. (1st Amer. ed.) 284. *Evans* v. *Stokes*, 1 Keen, 24. *Ireton* v. *Lewes*, Rep. Temp. Finch, 96. *Lowry* v. *Fulton*, 9 Simons, 104. *Vose* v. *Philbrook*, 3 Story R. 335. *Mallow* v. *Hinde*, 12 Wheat. 193. *Russell* v. *Clark's Executors*, 7 Cranch, 98.

The bill is bad for its want of certainty. It states neither times, sums nor transactions, with any definiteness or particularity. Cooper Eq. Pl. 5, 6.

*G. G. Hubbard*, for the plaintiff. The facts stated in the bill bring the case within the established exception to the rule requiring all partners to be joined as defendants. Story Eq. Pl. § 78. The cases cited for the defendant are those of joint stock partnership, and do not apply.

The case of *Mare* v. *Malachy*, 1 Myl. & Craig, 559, fully warrants the court in sustaining this bill against the defendant alone. See also *Wallworth* v. *Holt*, 4 Myl. & Craig, 634 – 640). *Harvey* v. *Harvey*, 4 Beavan, 215. *Milligan* v

*Milledge*, 3 Cranch, 220. *Darwent* v. *Walton*, 2 Atk. 510. *Elmendorf* v. *Taylor*, 10 Wheat. 152.

The conduct of the defendant has rendered it impossible for the plaintiff to set forth all the particulars of his case. The bill is. as definite as the plaintiff, with his imperfect knowledge, could properly make it.

WILDE, J. The principal cause of demurrer to the bill is, that all the persons interested in the subject matter of the suit are not made parties, so that it would be perfectly safe for the defendant to obey the decree prayed for. To this the answer is, that the other persons named in the bill, who were partners with the plaintiff and the defendant, are not within the jurisdiction of the court. And this we consider a sufficient answer. "The general rule is, that to a bill against a partnership, all the partners must be made parties ; but if one of the partners be resident in a foreign country, so that he cannot be brought before the court, and the fact is so charged in the bill, the court will ordinarily proceed to make a decree against the partners who are within the jurisdiction ; with this qualification, however, that it can be done without manifest injustice to the absent partner." Story Eq. Pl. § 78. The bill avers that all the absent partners have received their full share of the partnership effects; and if so, they cannot be prejudiced by any decree which may be obtained in the present case.

The other objection to the bill is, that it does not set forth, with sufficient certainty and particularity, the facts and circumstances of the case. But we think a more particular statement of the case is not required ; it being averred, that all the books and papers, necessary to a final settlement of the affairs of the partnership, are in the hands and possession of the defendant, or that they are under his control, and that, although the plaintiff has requested permission to examine them, he has not had permission so to do. See Mitf. Pl. (3d ed.) 33, 34.

*Demurrer overruled.*